## LOUISVILLE, CINCINNATI & LEXINGTON RAILROAD COMPANY *v.* N. L. HUME.

**Carriers—Burden of Proof—Presumption.**

Where a carrier admitted having received the trunk in question, and also that it was a common carrier, it devolves upon the carrier to show the manner in which it received the trunk, and failing to do so the presumption arises that the undertaking was within the scope of its business.

**Carriers—Burden of Proof.**

Where it is shown that the defendant received plaintiff's trunk as a common carrier, the burden is on the defendant to establish such a state of facts as will release it from liability for non-delivery of the trunk.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 12, 1874.

OPINION BY JUDGE PRYOR:

The appellee was entitled to a judgment on the pleadings, as the answer presents no defense to the action, nor does the amendment offered help it. The only proof required of the appellee was to show the value of the goods or property alleged to have been lost by the negligence of the appellant. The petition alleges the delivery of the trunk with its contents to the appellant, to be transported from Newport to Bristol Station; that the latter was running its cars through these two points as a carrier of freight and pas-

sengers, and undertook to carry the trunk. The answer fails to deny that the appellant is a common carrier of such freight between the two points, or to deny that it received the trunk; but on the contrary it admits the delivery, by the denial only that it was delivered at the time referred to in the petition at the special instance and request of defendant; it denies that it undertook to take care of and deliver the trunk safely, or that the plaintiff agreed to pay for such care and carriage, or that the defendant received it as a common carrier or conducted itself carelessly or negligently with respect to the trunk. Having admitted the reception of the trunk, and also that it was a common carrier, if the trunk was not received by the defendant in such a capacity it devolved upon the latter to show ·the manner in which it was received, and failing to do so, the presumption necessarily arises that the undertaking was within the scope of its business of carrier.

Conceding that there was no one at Bristol Station to receive the trunk, and that appellant could not for that reason make the delivery, still it was in appellant's custody, and the duty of the latter to keep it securely until called for, or until disposed of, under the regulations of the company, like other freight where there is no demand for it. The defense relied on in the amendment is that the trunk, when returned to Newport, was placed in the depot, where it remained two days, and disappeared without any fault on the part of the appellant. There is no allegation that it was kept in a secure place, or deposited where it would even be ordinarily safe from trespass or thieves, or any other statement made which would relieve the company from liability even for ordinary negligence.

It is therefore unnecessary to determine the liability of the company as a carrier of goods or as a mere bailee; there is no defense made, viewing the question in either light. It is certain that the trunk was received by the defendant as a common carrier, and the burden is on the latter to release itself from responsibility.

Judgment affirmed.

*Hallam & Hallam, for appellant.*

*Hawkins, for appellee.*